[Crim. No. 30286. Second Dist., Div. Four. Feb. 8, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD STEWART OSBORNE, Defendant and Appellant.

474

COUNSEL

Michael Korn and Bruce M. Kaufman for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Dixie Moe, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BIGELOW, J.*—By information, defendant was charged with attempted receiving stolen property in violation of Penal Code sections 664 and 496. Defendant entered a plea of not guilty. Trial was by jury which found the defendant guilty as charged. Defendant was placed on probation. He appeals from the judgment (order granting probation). We reverse the judgment.

The sufficiency of the evidence admitted in the trial to sustain the conviction is not challenged on appeal. The facts stated herein are only those necessary to understand defendant's contentions and our holding.

An undercover police officer sold certain items of jewelry to defendant for $520 cash at defendant's coin and stamp store. The officer told the defendant before the sale that these items had been stolen by him. These items were not in fact stolen property and never had been.

*Assigned by the Chairperson of the Judicial Council.

The defendant testified that he believed the property was stolen and that the officer was really the thief. He further testified that the reason he purchased the items from the officer was that he was going to try to arrest the suspected thief because he was trying to sell stolen merchandise.

Instead, as soon as the officer had counted the money paid him by the defendant, he and his fellow officers immediately arrested the defendant.

The trial court's instructions to the jury included CALJIC Nos. 3.31 (specific intent), 6.00 (attempt defined), 4.60 (entrapment—when a defense), 4.61 (furnishing opportunity is not entrapment) and a definition of the crime of attempted receiving stolen property set forth in full hereinafter. The instruction on entrapment as a defense (No. 4.60) was requested by the defense. No request was made by the defense for an instruction on mistake of fact (Pen. Code, § 26, subd. Four and CALJIC No. 4.35) and none was given *sua sponte* by the court.

The defendant contends as follows:

1. The trial court committed reversible error in failing to instruct *sua sponte* on mistake of fact and good faith trying to arrest the officer.

2. The trial court's instruction on the crime of attempted receiving stolen property was erroneous.

3. He was denied effective counsel at trial because of her failure to request an instruction on mistake of fact and because of her erroneously requesting an instruction on entrapment as a defense.

### Innocent Intent As Defense To Charge Of
### Attempted Receiving Stolen Property

■ Penal Code section 496 provides, in pertinent part: "1. Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained . . . is punishable . . . ." To establish guilt of the offense of receiving stolen property, proof of three elements is required: (1) the property must have been stolen, (2) the accused must have received it in his possession, and (3) he must have known that it was stolen. (*People* v. *Martin* (1973) 9 Cal.3d 687, 695 [108 Cal.Rptr. 809, 511 P.2d 1161].)

Former section 496 (repealed by Stats. 1951, ch. 97, § 1) as last amended provided, in pertinent part: "Every person *who for his own gain,* or *to prevent the owner from again possessing his property,* buys or receives any personal property, knowing the same to have been stolen . . . is punishable . . . ." (Italics added.) Under this statute, defendant's guilty intent, consisting either of receiving the property for his own gain or to prevent the owner from again possessing the property, was an element of the crime. (*People* v. *Ribolsi* (1891) 89 Cal. 492, 499 [26 P. 1082]; *People* v. *Steinberg* (1942) 51 Cal.App.2d 221, 226 [124 P.2d 341].)

Under present section 496, while a specific fraudulent intent by the perpetrator (e.g., for his own gain or to prevent the owner from again possessing his property) is not an element of the crime which the prosecution must prove, the absence of any such guilty intent is a defense which, if established, disproves the charge. (See *State* v. *Cohen* (1913) 254 Mo. 437 [162 S.W. 216, 219]; Perkins on Criminal Law (2d ed.) pp. 329-330; 2 Wharton's Criminal Law and Procedure, § 567, pp. 277-279.) Under a statute like section 496 "a prima facie case of feloniously receiving stolen goods is made out against the defendant by proof that he received the goods 'knowing the same to have been . . . stolen.' If defendant received the stolen [property] with an intention of returning it to the true owner, that was a matter of defense upon which he would have had a right to introduce evidence, and upon the coming in of such evidence the issue of intent could have been dealt with by a proper instruction." (*State* v. *Powers* (1914) 255 Mo. 263 [164 S.W. 466, 467].)

■ When the property has not actually been stolen, but the person has the intent to receive stolen property and *believes* that the property is in fact stolen, the crime committed is that of *attempted* receiving of stolen property. (*People* v. *Rojas* (1961) 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252]; *People* v. *Moss* (1976) 55 Cal.App.3d 179 [127 Cal.Rptr. 454]; Pen. Code, §§ 664, 496.)

We hold that the *innocent intent* of returning the property to the true owner is a defense to the charge of attempted receiving of stolen property. If the jury, under proper instructions, found it to be true that defendant in receiving the "stolen" property only intended to effect the arrest of the thief, as he claimed twice in his testimony, such a finding would then necessarily include the idea that after the arrest the defendant *and* the property would be turned over to the police. The police would be the means by which the property would then be returned to the true owner.

### Duty, *Sua Sponte,* To Instruct
### On Innocent Intent

The duty of the trial court to instruct, *sua sponte,* on defenses is set forth as follows in *People* v. *Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913]: "The duty to instruct, *sua sponte,* on general principles closely and openly connected with the facts before the court also encompasses an obligation to instruct on defenses . . . and on the relationship of these defenses to the elements of the charged offense . . . . [¶] Unlike the rule obligating the court to instruct on lesser included offenses and to give requested instructions whenever there is 'any evidence deserving of any consideration whatsoever.' (*People* v. *Carmen* (1951) 36 Cal.2d 768, 773 [228 P.2d 281]), the duty to give instructions, *sua sponte,* on particular defenses and their relevance to the charged offense arises only if it appears that the defendant is relying on such a defense, *or* if there is substantial evidence supportive of such a defense *and* the defense is not inconsistent with the defendant's theory of the case." (Italics added.)

The defense here did not request an instruction on the theory of innocent intent as a defense to the charge. Also, it may not have appeared that the defendant was relying on such a defense and the trial judge cannot be asked to read the mind of defendant's counsel as to what defenses he has strategically decided to rely upon. However, there was substantial evidence supportive of such a defense and we hold that such a defense *is not inconsistent with the defendant's theory of the case.*

Defendant requested an instruction on entrapment as a defense. (CALJIC No. 4.60.) The evidence certainly suggested such a defense as a possibility. The trial court would have been duty bound to have given an instruction on entrapment *sua sponte* if defense counsel had not requested it. (*People* v. *Grantham* (1972) 26 Cal.App.3d 661 [103 Cal.Rptr. 262].)

As a matter of legal theory, the defense of entrapment is not inconsistent with evidence that the defendant is not guilty of the crime charged; i.e., defendant may deny every element of the crime, yet allege that such acts as he did commit were induced by law enforcement officers. (*People* v. *Perez* (1965) 62 Cal.2d 769, 775 [44 Cal.Rptr. 326, 401 P.2d 934]; *People* v. *Pijal* (1973) 33 Cal.App.3d 682, 696 [109 Cal.Rptr. 230].) In the present case innocent intent was a defense which, if accepted by the jury, would require acquittal. Defendant can reasonably

be heard to say, "Yes, I received property which I believed was stolen, with the intent to do so, but with my innocent intent of trying to arrest the thief." He can also consistently say, "The idea of committing this crime originated in the mind of and was suggested to me by the undercover officer for the purpose of inducing me to commit the crime in order to entrap me and cause my arrest."

Was there then substantial evidence on the issue of innocent intent sufficient to alert the trial judge that it is an issue in the case? We hold that there was. "Needless to say, the trial court is not required to anticipate every possible theory that may fit the facts or fill in every time a litigant or his counsel fails to discover some obscure but possible theory of the facts. As the court put it in *People* v. *Cram* (1970) 12 Cal.App.3d 37, 41 [90 Cal.Rptr. 393], 'There must be *substantial* evidence on the issue sufficient to alert the trial judge that it is an issue in the case. There is no duty on the trial court to dissect the evidence in an effort to develop some arcane, remote or nebulous theory of the evidence on which to instruct. The duty of the trial court involves percipience—not omniscience.'" (*People* v. *Pijal, supra,* 33 Cal.App.3d at p. 696, italics in original.) In the present case, defendant twice testified that he intended to arrest the man who offered to sell him the property because he believed the man had stolen it. Although there was evidence of circumstances which tended to disprove such an intent, defendant's testimony constituted substantial evidence of his intent which the jury was free to accept, rejecting conflicting inferences.

We therefore hold that the trial judge had the duty, *sua sponte,* to properly instruct the jury on the defense of innocent intent. He failed to do so and we reverse the judgment. ■ The error withdrew a defense requiring acquittal from consideration by the jury. The failure to give such an instruction resulted in a miscarriage of justice within the meaning of California Constitution, article VI, section 13. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

Although at this point we have disposed of the appeal by reversing the judgment, two more points should be clarified in the event of a retrial.

### Mistake of Fact—Intent

■ Penal Code section 26 (four) provides in pertinent part as follows:

"All persons are capable of committing crimes except those belonging to the following classes:

"· . . . . . . . . . . . . . . . . .

"Four—Persons who committed the act . . . charged under . . . *mistake of fact, which disproves any criminal intent.*" (Italics added.)

"In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." (Pen. Code, § 20.)

A good statement of the law on mistake of fact is "An act committed or an omission made under an ignorance or mistake of fact which disproves any criminal intent is not a crime. [¶] Thus a person is not guilty of a crime if he commits an act or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances *which, if true, would make such act or omission lawful.*" (Italics added.) (CALJIC No. 4.35.)

What constitutes this type of mistake of fact that becomes a defense to a criminal charge otherwise proven by the evidence is illustrated by *People* v. *Vogel* (1956) 46 Cal.2d 798 [299 P.2d 850] (belief that his first wife had obtained a divorce before he married again as defense to a bigamy charge) and by *People* v. *Hernandez* (1964) 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092] (reasonable belief that girl was 18 years of age as defense to charge of statutory (consent) rape).

The defendant's mistake of fact belief that the undercover police officer was in fact the thief trying to sell stolen property to him is not such a mistake that, if true, would make his conduct in receiving the "stolen property" lawful. Every offender who deals with an undercover police officer is under a mistake of fact which operates to his extreme disadvantage, but this does not thereby make his criminal conduct lawful (i.e., decoy "prostitute," undercover narcotic buys, etc.). The trial court was under no duty *sua sponte* or upon request to instruct on mistake of fact which did not amount to a defense under the evidence.

### Instruction On Attempted Receiving Stolen Property

■ The trial court defined the charged crime as follows: "Every person who buys or receives any property which he believes has been stolen is guilty of the crime of attempted receiving stolen property."

Standing alone this is an erroneous oversimplification of the law as outlined hereinbefore. It omits the required intent to receive stolen property which the cases of *Rojas* and *Moss, supra,* define as an element of this crime.

Upon retrial of the case the instruction defining the crime charged should be reworded so as to include the omitted element of intent to receive stolen property.

### CLAIMED DENIAL OF EFFECTIVE COUNSEL

We need not and do not reach this contention, except as we have answered defendant's contentions regarding mistake of fact and the entrapment instruction which was requested by defense counsel.

Our research failed to find any California cases on the defense of innocent intent as we have applied it to the offense charged. Defense counsel and for that matter, the trial judge, can hardly be criticized under such circumstances.

The judgment is reversed.

Files, P. J., and Kingsley, J., concurred.