[Crim. No. 22377. First Dist., Div. Two. Feb. 11, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE DAVID DISHMAN, Defendant and Appellant.

COUNSEL

Eugene Michael Hyman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Kristofer Jorstad and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BARNETT, J.*—Appellant was charged in an information filed by the District Attorney of Santa Clara County with violations of Penal Code sections 459 (burglary), 496 (possession of stolen property) and 485-487 (appropriation of stolen property). On October 17, 1980, a jury convicted him of the violation of Penal Code section 496 and acquitted him of the other charges.

On January 15, 1981, in propria persona, appellant appealed his conviction and judgment upon five grounds. His appointed attorney has pursued only issues regarding the propriety of a *Wielograf* instruction and an alleged denial of a *Sears* instruction.

FACTUAL SITUATION:

On April 14, 1980, about 8:30 p.m., the Gold Dust Jewelry Shop in Campbell was burglarized and about $28,000 worth of rings and jewelry was taken. The next morning, the owner received a telephone call from a man (later established to be appellant), who said he had found a metal cash box containing rings, jewelry and some receipts bearing the store's name and he thought it might belong to the owner. The caller stated that he had been behind the shop on the night of the burglary when he heard the alarm bell and a man running by and he later found the metal box by a wall. A cash reward was offered which was not immediately accepted, the caller stating he would prefer a ring. Although promising to return the stolen items after work that day, they were not returned. The caller made other telephone calls in which he stated that

---

*Assigned by the Chairperson of the Judicial Council.

he felt a larger sum would be appropriate. Eventually, an agreement was made to pay off the $10,000 requested by him and a rendezvous in a nearby park was arranged. At the park, the stolen items were turned over to the jewelry store owner without payment and appellant was apprehended by concealed policemen.

## DISCUSSION:

Appellant does not question the sufficiency of the evidence supporting the judgment. He asserts, however, that it was prejudicial error for the trial judge to have denied his proposed instruction based on *People* v. *Wielograf* (1980) 101 Cal.App.3d 488 [161 Cal.Rptr. 680], and for having given the one submitted by the district attorney.

In *Wielograf*, the defendant was convicted for a violation of Penal Code section 496, subdivision (1). It was contended that the trial judge had committed prejudicial error by failing to give a *sua sponte* instruction regarding the defendant's innocent intent defense. He relied on the holding in *People v. Osborne* (1978) 77 Cal.App.3d 472 [143 Cal.Rptr. 582], a case involving an attempt to receive stolen property. We held in *Wielograf* that the circumstances of record did not mandate an instruction as to innocent intent. We acknowledged, however, that if warranted by the evidence, such an instruction may be appropriate in a particular case (*Wielograf, supra*, 101 Cal.App.3d p. 493).

In the instant case, each side requested such an instruction. The People's *Wielograf* instruction was accepted by the trial judge and was read to the jury as follows: "If, after an examination of the evidence you have a reasonable doubt that the defendant received or concealed stolen property with the general criminal intent to aid the thief or deprive the owner of possession or to render more difficult a discovery by the owner, or to collect a reward, you should acquit the defendant. The critical factor is the defendant's intent at the time he receives or initially conceals the stolen property from the owner. *The intent to restore must exist at the moment the stolen property is accepted by the receiver, if he is to be acquitted.*

"If you find the defendant concealed or withheld stolen property with the requisite general criminal intent to deprive the owner of possession, or to render more difficult the discovery by the owner, or to collect a reward, the defendant possesses the requisite wrongful intent, and it is no

defense that he subsequently intended to return the stolen property to the owner." (Italics added.)

Appellant's proposed instruction, which was refused, was in the exact same language, but it omitted the one sentence emphasized, as above indicated. Appellant contends that this one sentence improperly intimates that the defendant's intent, innocent or wrongful, is an element of the offense of receiving stolen property.

The court in *Osborne, supra,* 77 Cal.App.3d, at page 476, pointed out that in former Penal Code section 496 (repealed in 1951), the defendant's guilty intent, consisting of either receiving the stolen property for his own gain or to prevent the owner from again possessing the property, was an element of the crime. Under the present Penal Code section 496, specific fraudulent intent is not an element of the crime which the prosecution must prove, although general criminal intent is necessary. The absence of such guilty intent is a defense which, if established, disproves the charges. The *Osborne* court cited Perkins on Criminal Law (2d ed.) pages 329-330, and Wharton's Criminal Law and Procedure, section 567, pages 277-279. *Osborne* further held that if a defendant receives stolen property with an intention to return it to the true owner, that is a matter of defense upon which he would have the right to introduce evidence and which, if received, allows the issue of such intent to be dealt with by a proper instruction (*Osborne, supra,* p. 476).

■ The People, in proving the commission of the crime, have the primary obligation to establish, by substantial evidence (1) that the particular property was stolen, (2) that the accused received, concealed or withheld it from the owner thereof, and (3) that the accused knew the property was stolen (*People v. Martin* (1973) 9 Cal.3d 687, 695 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People v. Vann* (1974) 12 Cal.3d 220, 224 [115 Cal.Rptr. 352, 524 P.2d 824]; *In re Richard T.* (1978) 79 Cal.App.3d 382, 387 [144 Cal.Rptr. 856], and cases cited therein).

The burden of proving each of these elements, whether by direct or circumstantial evidence, is upon the district attorney. The burden of proving innocent intent is upon a defendant. In putting forth such defense, the critical factor is the intent of the receiver at the moment that he receives the stolen property. ■ In other words, if a prima facie case is made out by the state by showing that the property was stolen, that it was received, concealed, or withheld from the owner and that the

accused knew the property was stolen, he is subject to conviction, so long as the jury finds that he had the requisite general criminal intent. A defense that although all other elements were present, the defendant did not have any criminal intent but had, from the moment that he received the stolen property, intended to return it to the rightful owner, if proven and accepted by the jury, will absolve him of guilt (2 Burdick, Law of Crime, p. 450).

At the jury's request, in the case at bar, the court properly instructed as to the elements of the offense. The court also properly instructed the jury, per CALJIC No. 2.90, as to the burden of proof required for conviction. It further instructed as to the sufficiency of circumstantial evidence by giving CALJIC No. 2.01 (1979 revision). ▮ It also again gave the People's *Wielograf* instruction. As we shall indicate, while the instruction is in the precise language of *Wielograf*, in the manner in which it was used here, it may be confusing and misleading, and we disapprove of its use.

In *Wielograf*, we were discussing an instruction founded upon "innocent intent" as being a defense instruction which could be given in a proper case, upon the request of the defendant or *sua sponte*. In that light, we pointed out that in asserting such a defense, the defendant had the burden of proving it.

As given, the first sentence advises the jury that general criminal intent is required and that if they have a reasonable doubt that the defendant received the property with the requisite intent, they should acquit him. This is a proper statement of the law.

However, the attacked statement does not make any reference to the fact that an intent to restore at the moment the stolen property is received is an affirmative defense to the charge. It merely states that in order for the defendant to be acquitted, the intent to restore must exist at the moment the stolen property is received. Nowhere is the jury instructed as to the burden of proof regarding the claimed defense.

It would be more appropriate to have a separate instruction regarding the claimed defense of innocent intent dealing with the burden of proof and therein stating that the critical factor in such a defense is the defendant's innocent intent at the time he receives or initially conceals stolen property from the owner.

As given, the instruction states, on the one hand, that the defendant must be acquitted if he does not have the requisite general criminal intent and, on the other, that he cannot be acquitted if the intent to restore did not exist at the moment the stolen property was received. It is a confusing instruction because the jury was advised about different requirements for conviction and acquittal in the same instruction. We disagree that the instruction required the jury to find an innocent intent in order to acquit the appellant, even if they had a reasonable doubt as to his general criminal intent. In context of the entire instruction, the general criminal intent required to be proven by the People is not modified by the defense requirement to prove an innocent intent.

Considerable evidence was presented to the jury as to the state of mind of the appellant. Expert testimony was produced by the appellant. A reading of the record does not reveal that the jury was led astray by the instruction. Although it was not appropriate, we do not find that the giving of the instruction was prejudicially in error.

Appellant also contends that the court failed to give his requested *Sears* instruction (*People* v. *Sears* (1970) 2 Cal.3d 180 [84 Cal.Rptr. 711, 465 P.2d 847]). What he had requested to be given was the identical instruction read to the jury, but omitting the one statement. To have had the same identical language presented to the jury in a separate instruction would have been even more confusing to the jury. Each and every word requested was given and, as we stated, we find no prejudicial error in either giving the People's instruction or in the refusal of the appellant's. As given, the jury was advised about their duty to acquit if there was a reasonable doubt as to the evidence or general criminal intent.

We dismiss the appeal from the conviction as only final judgments can be appealed. The judgment is affirmed.

Smith, Acting P. J., and Taylor, J.,* concurred.

A petition for a rehearing was denied March 12, 1982.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.