**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eduardo HERNANDEZ–MEJIA,**
**Defendant–Appellant.**

No. 06–10556.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2008.

Filed Sept. 11, 2008.

Robert A. Bork, Esquire, Robert L. Ellman, Esquire, SLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Franny Forsman, Esquire, Federal Public Defender, Shari Kaufman, Esquire, Assistant Federal Public Defender, Rene L. Valladares, Esquire, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Eduardo Hernandez–Mejia appeals his conviction for unlawful re-entry to the United States by a deported alien in violation of 8 U.S.C. § 1326 by collaterally attacking his initial deportation for being an aggravated felon. At issue is whether Hernandez–Mejia's conviction under CAL. PEN. CODE § 496(a) is categorically an aggravated felony. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).[1]

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The government concedes that if the conviction does not qualify as an aggravated felony under the categorical approach, it cannot prove Hernandez–Mejia's particular conviction was for an aggravated felony under the modified categorical approach.

Because § 496(a) necessarily requires that the government prove all of the generically defined elements of a "theft offense (including receipt of stolen property)," or at least an attempt thereof, Hernandez–Mejia's conviction under § 496(a) categorically qualifies as an aggravated felony under 8 U.S.C. § 1101. *See* 8 U.S.C. § 1101(a)(43)(G), (U); *see also United States v. Morales–Perez*, 467 F.3d 1219, 1222 (9th Cir.2006) (holding to the extent that buying contraband is different than possessing contraband, the former is an attempt at the latter).

"[S]pecific fraudulent intent is not an element of [a violation of § 496(a)] which the prosecution must prove." *People v. Dishman*, 128 Cal.App.3d 717, 721, 180 Cal.Rptr. 467 (Cal.App.1982). Nevertheless, because general criminal intent is a prerequisite to conviction under § 496(a), *see id.* at 721–22, such a conviction meets the intent requirement of a "theft offense (including receipt of stolen property)" under the definition of that phrase adopted in *United States v. Corona–Sanchez*, 291 F.3d 1201, 1205 (9th Cir.2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n. 4 (2002). *See Randhawa v. Ashcroft*, 298 F.3d 1148, 1153–54 (9th Cir.2002) (holding a conviction for possession of stolen mail in violation of 18 U.S.C. § 1708 is categorically an aggravated felony, because the requisite intent may be inferred from § 1708's requirement that the defendant knew the mail was stolen).

Although Hernandez–Mejia suggests that some of our cases might indicate that the requisite intent under the *Corona–Sanchez* definition is not met by statutes only explicitly requiring knowledge, those cases turn on state law. *See, e.g., Nevarez–Martinez v. I.N.S.*, 326 F.3d 1053 (9th Cir.2003) (holding an Arizona statute criminalizing the receipt of stolen property lacks the requisite intent element, because it requires only that the defendant knew he was without permission to possess the property). Under § 496(a), California courts have made clear that even though general criminal intent is not explicitly enumerated as an element, such intent is a necessary component of any conviction for violation of that provision. This is sufficient.

Finally,[2] although § 496(a) is a so-called "wobbler" statute, the record in this case makes clear that the court treated Hernandez–Mejia's conviction as a felony. *See United States v. Bridgeforth*, 441 F.3d 864, 871 (9th Cir.2006) (holding in the case of a "wobbler" statute, we must look to how the state court actually treated the conviction to determine the maximum possible penalty). The abstract of judgment indicates that Hernandez–Mejia was sentenced to 16 months in prison for his conviction, and his argument that the statute limits maximum sentences to one year is mistaken; the statute's one year limitation applies only to the length of a county jail term. *See* CAL. PEN.CODE § 496(a) (A person convicted under § 496(a) "shall be punished by imprisonment in a state prison, or in a county jail for not more than one year."). And, contrary to Hernandez–Mejia's assertion, ab-

---

2. Hernandez–Mejia raised two additional arguments that we will not address. In his opening brief, Hernandez–Mejia argued § 496(a) was overbroad, because it allows conviction for aiding and abetting. He now acknowledges that this argument is foreclosed by *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). In his reply brief, Hernandez–Mejia raised the argument for the first time that § 496(a) is overbroad because it does not require that the defendant had actual knowledge that the property was stolen. Hernandez–Mejia waived this argument by not raising it in his opening brief. *Blanford v. Sacramento County*, 406 F.3d 1110, 1114 n. 8 (9th Cir.2005) (holding the failure to raise an argument in the opening brief waives that argument).

stracts of judgment may be used to determine the length of the sentence imposed on a defendant. *See United States v. Sandoval–Sandoval,* 487 F.3d 1278, 1280 (9th Cir.2007) (per curiam) (noting abstracts of judgment are not categorically unreliable).

AFFIRMED.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.