MEMORANDUM **
Efrain Flores-Luna, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order summarily affirming his appeal from an immigration judge’s (“U”) removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a particular conviction constitutes an aggravated felony, Randhawa v. Ashcroft, 298 F.3d 1148, 1151 (9th Cir.2002), and we deny the petition for review.
The IJ did not err in finding Flores-Luna removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii) because his conviction under CaLPenal Code § 496(a) categorically constitutes a theft offense and Flores-Luna was sentenced to a term of imprisonment of at least one year for his crime. See 8 U.S.C. § 1101(a)(43)(G). Contrary to Flores-Luna’s contention, a conviction under section 496(a) meets the intent requirement for this circuit’s generic definition of a “theft offense.” See Randhawa, 298 F.3d at 1153-54 (requisite intent may be inferred from offender’s knowledge that he or she possessed stolen property); People v. Dishman, 128 Cal.App.3d 717, 721-722, 180 Cal.Rptr. 467 (1982) (to obtain convic *408 tion under section 496(a), prosecution must prove defendant knew property was stolen).
Flores-Luna’s contention that section 496(a) is overbroad because it allows conviction for aiding and abetting is foreclosed by Gonzales v. Duenas-Alvarez, 549 U.S. 183, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.