Filed 10/4/16  P. v. Pridemore CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER PRIDEMORE,<br><br>        Defendant and Appellant. | A142419<br><br>(Solano County<br>Super. Ct. No. FCR302949) |

Christopher Pridemore was convicted of felony receiving stolen property (Pen. Code,[1] § 496, subd. (a)) after stolen equipment belonging to an electrical contractor was found in his trailer home and backyard.  He contends on appeal the court erred in failing to instruct the jury that he could not be convicted if he acquired and possessed the property with an innocent intent.  He further claims we must reduce his felony conviction to a misdemeanor under Proposition 47.  Under the same Proposition, he contends the judge was required to instruct the jury that it must find beyond a reasonable doubt the property Pridemore received had a value of more than $950 to find him guilty of a felony violation, and the failure to so instruct requires a retrial, or alternatively, resentencing the offense as a misdemeanor.  Pridemore's claims are without merit, and we affirm.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

# I. BACKGROUND

## A. The Prosecution's Case

In October 2013, Wulff Electric, an electrical contracting company, was performing work at a Honda dealership in Vacaville when some of its equipment, which had been locked up inside a fence surrounding the job site, went missing overnight, specifically some electrical cords, ladders and a pushcart. Much of the equipment was marked with stickers identifying it as belonging to Wulff Electric. The same day it was discovered the equipment was missing, a man named Gerald showed up at the dealership and told Matthew Guerrero, the Wulff Electric foreman, that the missing equipment was at a trailer park about half a mile away. Guerrero accompanied Gerald to the trailer park, and on the way called the police to alert them to the situation.

Once at the trailer park, Guerrero and Gerald discovered some of the missing equipment in Pridemore's trailer home and backyard. Pridemore, who was inside the trailer, helped Guerrero load the stolen equipment onto his truck. Guerrero testified that Pridemore told him an acquaintance of his said Wulff Electric owed him some money, so Pridemore helped the man steal some of Wulff Electric's equipment. Pridemore also said they had left some of the ladders alongside a canal because they could not carry all of the stolen equipment.

While Pridemore and Guerrero were loading the equipment into the truck, two police officers appeared in response to Guerrero's call. One of the officers testified that, in a separate interview, Pridemore admitted that he and another individual had stolen the equipment from a construction site the night before. The officer arrested Pridemore.

The next day Gerald found the pushcart at a different location and returned it to the Honda dealership. A few days later, Guerrero found the equipment that Pridemore and his friend had abandoned alongside the canal. Thus, all of the stolen equipment was recovered.

## B. The Defense Case

Pridemore testified in his own defense that he had been living in the trailer park temporarily with three other people, and he was in the process of moving out. He arrived

2

at the trailer park at about 3:00 p.m. on the date in question, having been away for about 36 hours. He claimed he was confronted by his roommates and another woman whom he did not know, who said stolen equipment belonging to Wulff Electric had been found inside the trailer home and the backyard. They accused Pridemore of having stolen it, and the woman told him someone was going to come talk to him about it. He waited 45 minutes until Guerrero arrived, appearing agitated. Pridemore denied having told either Guerrero or the police officer that he had participated in stealing the equipment. He denied telling Guerrero that he had left additional pieces of stolen equipment along the canal. Pridemore admitted he had been charged with possession of drug paraphernalia and driving under the influence in another case.

## C.    The Charges and Verdicts

Pridemore was charged with receiving stolen property, with an enhancement alleging he committed the crime while he was out on bail. (§§ 496, subd. (a),12022.1.) In January 2014, a jury convicted Pridemore of receiving stolen property. He then admitted the on-bail enhancement.

In June 2014, Pridemore was sentenced to the lower term of 16 months in state prison. The court did not impose the on-bail enhancement (§ 12022.1) because Pridemore had been convicted only of a misdemeanor in FCR 300100. (*In re Ramey* (1999) 70 Cal.App.4th 508, 512–513.) Taking into account conduct credits, Pridemore had already served his full prison sentence, so he was released with a paper commitment. He then filed this appeal.

## II.    DISCUSSION

### A.    CALCRIM No. 1751: "Innocent Intent" Instruction

Pridemore's first issue on appeal is a claim of instructional error based on the court's failure to give a so-called "innocent intent" instruction. He claims CALCRIM No. 1751[2] should have been given by the court sua sponte because there was substantial

---

[2] CALCRIM No. 1751 reads as follows: "The defendant is not guilty of receiving (stolen/extorted) property if (he/she) intended to (return the property to its owner/ [or] deliver the property to law enforcement) when (he/she) (bought/received/concealed/

3

evidence that he intended, from the time he received the property, to return it to its rightful owner. (See *People v. Dishman* (1982) 128 Cal.App.3d 717, 722 (*Dishman*); *People v. Osborne* (1978) 77 Cal.App.3d 472, 476.) Pridemore's attorney did not request CALCRIM No. 1751, but he claims that is no bar to raising the issue on appeal because his substantial rights were affected. (§ 1259.) He contends the failure to instruct on this defense sua sponte violated his federal constitutional rights to due process by preventing the jury from giving meaningful consideration to his defense, citing cases that reinforce in a general way a criminal defendant's due process right to a fundamentally fair trial and the right to present a complete defense, including a right to receive instruction on recognized defenses. (*California v. Trombetta* (1984) 467 U.S. 479, 485 [access to evidence]; *Mathews v. United States* (1988) 485 U.S. 58, 63 [right to instruction on recognized defense]; *Barker v. Yukins* (6th Cir. 1999) 199 F.3d 867, 875–876 [right to instruction on defense theory]; *People v. Thomas* (2013) 218 Cal.App.4th 630, 643 [right to instruction on prosecution's burden of proving malice beyond a reasonable doubt].) Although we, of course, accept the principles for which these cases stand, we do not view them as applicable to the facts before us.

Pridemore's specific claim of instructional omission is based on the rule that one who knowingly comes into possession of stolen property but who forms the immediate intention to return the property to its rightful owner is not guilty of violating section 496. It is, however, the defendant's burden to prove his innocent intent. (*People v. Wielograf* (1980) 101 Cal.App.3d 488, 494; *Dishman*, *supra*, 128 Cal.App.3d at p. 721.)

---

withheld) the property. [¶] If you have a reasonable doubt about whether the defendant intended to (return the property to its owner/ [or] deliver the property to law enforcement) when (he/she) (bought/received/concealed/withheld) the property, you must find (him/her) not guilty of receiving (stolen/extorted) property. [¶] [This defense does not apply if the defendant decided to (return the property to its owner/ [or] deliver the property to law enforcement) only after (he/she) wrongfully (bought/received/concealed/ withheld) the property.] [The defense [also] does not apply if the defendant intended to (return the property to its owner/ [or] deliver the property to law enforcement) when (he/she) (bought/received/concealed/withheld) it, but later decided to (sell/conceal/ withhold) the property.]"

4

During a jury instruction conference, the court stated: "I don't even see how—under Mr. Pridemore's theory, that he's even possessing [the stolen property]." The court continued: "It happens to be in the residence where he hasn't been in three days. I think he said 36 hours—." Defense counsel agreed with the court's assessment of Pridemore's defense, and agreed that CALCRIM No. 1750 was sufficient. She did not request CALCRIM No. 1751.

The court instructed the jury with CALCRIM No. 1750: "The defendant is charged in Count 1 with receiving stolen property in violation of Penal Code section 496(a). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant received, concealed, or withheld from its owner, property that had been stolen; [¶] AND [¶] 2. When the defendant received, concealed, or withheld the property, he knew that the property had been stolen. [¶] Property is stolen if it was obtained by any type of theft, or by burglary. [¶] To receive property means to take possession and control of it. Mere presence near or access to the property is not enough. Two or more people can possess the property at the same time. A person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person."

The Attorney General argues not only that the evidence did not support the giving of an innocent intent instruction, but that such an instruction was inconsistent with the defense theory at trial, which was that Pridemore never possessed the property. The colloquy quoted above demonstrates that the court did not believe the evidence supported an instruction under CALCRIM No. 1751. As the judge said, "I don't even see how—under Mr. Pridemore's theory, that he's even possessing it." Defense counsel not only agreed with this statement, but also argued to the jury that Pridemore "never possessed" the property, "never knew" it was stolen, and "never withheld" it.

Nevertheless, Pridemore argues on appeal that he had "acknowledged [to the jury] that he had knowingly possessed the stolen property but said that he had only done so in order to return the property to its rightful owner, Wulff Electric." Pridemore's theory seems to be that he had admitted all the elements of receiving stolen property by

5

testifying he had helped to gather up the stolen items and load them into Guerrero's truck. Therefore, he asserts, his only hope of defense was an "innocent intent" theory.

We agree with the Attorney General's interpretation of the record. " 'A trial court's duty to instruct, sua sponte, on particular defenses arises " 'only if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case.' " ' " (*People v. Martinez* (2010) 47 Cal.4th 911, 953; see *People v. Booker* (2011) 51 Cal.4th 141, 179; *People v. Villanueva* (2008) 169 Cal.App.4th 41, 49.) "[A] trial court has no obligation to instruct sua sponte on a defense supported by 'minimal and insubstantial' evidence." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1152; accord, *People v. Simon* (2016) 1 Cal.5th 98, 132.)

We not only think it improbable the jury would have convicted Pridemore based on simply handling the stolen items while loading them into Guerrero's truck, but also conclude the trial court was correct in believing the innocent intent defense was not supported by Pridemore's testimony. To the extent there was any evidence to support a claim of innocent intent, it can only be characterized as "minimal and insubstantial," and therefore did not warrant an instruction under CALCRIM No. 1751. (*People v. Barnett*, *supra*, 17 Cal.4th at p. 1152; *People v. Simon*, *supra*, 1 Cal.5th at p. 132.)

And even if the instruction had been given we find beyond a reasonable doubt that Pridemore still would have been convicted under section 496. His testimony was not only improbable, but was internally inconsistent. He testified both that Guerrero was at the trailer park when he arrived, and also that he waited 45 minutes for Guerrero to arrive. The fact that Pridemore confessed to stealing the property to two different witnesses in two separate conversations must have carried much more weight with the jury and betrayed the exact opposite of an innocent intent. Guerrero's report that Pridemore said he had left some of the ladders near the canal was corroborated by the fact that Guerrero found the ladders there. Therefore, even an assumed error was harmless.

## B.     Retroactive Application of Proposition 47

Pridemore's next argument is that this court should reduce his felony conviction to a misdemeanor under Proposition 47, which was passed by the voters on November 4, 2014, more than a year after he committed his offense and nearly five months after he was sentenced. The purpose of the proposition was to focus prison spending only upon violent and serious offences, to maximize non-prison alternatives for non-violent and non-serious crimes, and to channel those savings into crime prevention, victim services, and mental health and drug treatment. (Complete Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Proposition 47, §§ 2, 3, p. 70 (hereafter Proposition 47) at <http://vig.cdn.sos.ca.gov/2014/general/pdf/text-of-proposed-laws1.pdf> [as of Oct. 4, 2016].) The proposition therefore reduced the penalties for many drug and property offenses, requiring that they be sentenced as misdemeanors unless certain conditions were met. (Proposition 47, *supra*, § 3 (3).)

Among other things, Proposition 47 amended section 496, subdivision (a), making a violation a misdemeanor if the stolen property was worth less than $950. (Proposition 47, *supra*, § 9.) Pridemore claims we therefore must, on appeal, reduce his conviction to a misdemeanor. He bases his claim on general retroactivity principles embodied in cases such as *In re Estrada* (1965) 63 Cal.2d 740, 748.

Proposition 47, however, specified a remedial procedure for those convicted of felonies who are entitled to a reduction of their convictions to misdemeanors by adding section 1170.18, which identifies two ways in which a defendant sentenced prior to Proposition 47's effective date can have his or her sentence for an enumerated felony reduced to a misdemeanor. First, under section 1170.18, subdivision (a), the defendant may file a petition if he or she is currently serving a felony sentence for an enumerated offense. The court then will resentence the defendant as a misdemeanant unless it determines he or she presents an unreasonable risk of danger to public safety. (*Id.*, subds. (b), (c).) A misdemeanor sentence under these provisions carries with it a one-year period of parole. (*Id.*, subd. (d).)

Second, if a defendant has completed his or her sentence for an eligible conviction, he or she must file an application in the trial court to secure the reduction to a misdemeanor: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).) This procedural route carries no additional parole period.

After briefing was completed in this case, the same retroactivity argument raised by Pridemore was rejected by the Second District Court of Appeal, Division Five in *People v. Shabazz* (2015) 237 Cal.App.4th 303, 307–315: "As we view the issue, this is in large part a matter of the *scope of the retroactive application* of section 1170.18. If the voters had merely made . . . Penal Code section 496, subdivision (a) [a] misdemeanor[], our responsibilities would be clear. We would reduce . . . defendant's conviction[] to [a] misdemeanor[]. We would be required to do so based upon traditional rules concerning amendatory statutes reducing punishments. (*In re Estrada* (1965) 63 Cal.2d 740, 742, 748; *People v. Keith* (2015) 235 Cal.App.4th 983, 985–986.) But as we will explain, the issue is not so simple in our context. We are reviewing felony convictions on *direct appeal*. And, the voters have expressly enacted procedures to permit the retroactive application of those portions of Proposition 47 which reduce certain felonies to misdemeanors. As we shall explain, the voters have not expressed an intention to permit us on *direct appeal* to reduce defendant's felony conviction[] to [a] misdemeanor[] without the filing of an application." (*Id.* at p. 309; cf. *People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1256–1258 [where case was remanded for another reason, trial court was instructed to address Proposition 47 issue, but absent another reason for remand, court would not have provided relief]; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331–1333 [appellate court not authorized to designate prior conviction a misdemeanor];

*People v. Awad* (2015) 238 Cal.App.4th 215, 221–222 [where requested, appeal stayed with limited remand to trial court to determine Proposition 47 issue].)  We agree with the reasoning and holding of *Shabazz* and *Bradshaw*, and on that basis reject Pridemore's claim for correction of his conviction on appeal.  His remedy lies in a petition or application under section 1170.18.[3]

### C.      Remand for Retrial on the Value of the Stolen Property

Pridemore's final issue is related to his Proposition 47 argument in that he claims, if the evidence at trial was insufficient to establish that the property he received was worth less than $950, we should remand the case for retrial on that issue (placing the burden on the People to prove the value was more than $950) or for resentencing as a misdemeanor, citing *People v. Wade* (2012) 204 Cal.App.4th 1142, 1150 (*Wade*).  In *Wade*, the defendant was tried under a version of the grand larceny statute that defined the offense as theft of more than $400, and his conviction was pending on appeal when the statute was amended to increase the threshold value to $950.  (*Id*. at p. 1150.)  The Court of Appeal remanded the case for resentencing or retrial.  (*Id*. at pp. 1152–1153 & fn. 5.)  In that case, the purse the defendant snatched contained $700 in cash, and the reviewing court could not determine whether the jury convicted the defendant based on theft of an amount less than the new threshold (which would have required reversal based on retroactivity principles) or based on theft from the person (which was a valid basis for conviction both before and after the amendment).  (*Id*. at pp. 1150, 1152.)  The remand was ordered only because the court could not determine whether the conviction had been based on a valid or invalid legal theory.  The statutory amendment in our case, as noted, did not simply amend section 496, but also provided a specific procedure for implementing the changes.

---

[3] We express no opinion on whether Pridemore's remedy lies by way of subdivision (a) or subdivision (f) of section 1170.18 because we do not know whether Pridemore is subject to parole or postrelease community supervision (PRCS).  Although he had fully served his term of incarceration by the time he received his paper commitment in June 2014, it is arguable that if he is on parole or PRCS, his remedy is under subdivision (a), not (f).  (Cf. *People v. Nuckles* (2013) 56 Cal.4th 601, 609.)

9

Still, Pridemore contends the trial court committed federal constitutional error by failing to instruct on an element of the felony offense, namely the $950 threshold value. At the time of his trial, however, that fact was not an element of the felony offense.[4] At that time, former section 496, subdivision (a) provided in pertinent part: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall by punished by imprisonment in a state prison, or in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (Former § 496, subd. (a), Stats. 2011, ch. 15, § 372.) Under that provision, the district attorney had discretion to charge receipt of stolen property as a misdemeanor or a felony if the property had a value less than $950. (*People v. Adams* (1974) 43 Cal.App.3d 697, 708 [the statute "provides that the prosecutor, having decided to file a charge, can decide to file a misdemeanor charge rather than a felony charge"].) If the stolen property had a value in excess of $950, there was no such discretion.

Proposition 47 amended section 496, subdivision (a) by changing the second sentence of the first paragraph as follows: "However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of

---

[4] We express no opinion on whether the value of property received is an element of section 496 in its present form.

paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 496, subd. (a).) Thus, under the amended statute, the district attorney no longer has discretion to charge the offense as a felony if the stolen property has a value less than $950; it must be charged as a misdemeanor.

Under the statute in effect at the time of Pridemore's trial, the prosecution was required to prove "(1) that the particular property was stolen, (2) that the accused received, concealed or withheld it from the owner thereof, and (3) that the accused knew the property was stolen." (*Dishman*, *supra*, 128 Cal.App.3d at p. 721.) "The *value* of the property received is not a necessary element of the proof in violation of Penal Code section 496." (*People v. Superior Court* (1969) 271 Cal.App.2d 524, 527.) Accordingly, Pridemore's claim that he was deprived of his federal constitutional right to a jury determination of every element of the offense is without merit.

The value of the property in the present case is, indeed, equivocal, as Pridemore points out. The only evidence at trial on that point was Guerrero's testimony that he did not know how much the property was worth and estimated it was "probably somewhere in the neighborhood" of $1,000.[5] That evidence would seem to render Pridemore presumptively ineligible for resentencing, unless he were to carry his burden of proving a lesser value through a proper application in the trial court. (Cf. *People v. Bush* (2016) 245 Cal.App.4th 992, 995, 1006–1008 [where nature of stolen property suggested value was less than $950, defendant could not be deemed ineligible for resentencing based on hearing en masse without individualized judicial determination of value].) He is not eligible for relief from this court on direct appeal, for the Legislature has prescribed a specific remedy, and the courts have assigned the initial burden to the defendant to show he was convicted of a qualifying offense, including the value of the property involved if necessary for relief. (*People v. Hudson* (2016) 2 Cal.App.5th 575, 583–584; *People v. Johnson* (2016) 1 Cal.App.5th 953, 969–970; *People v. Hall* (2016) 247 Cal.App.4th

---

[5] At the preliminary hearing, a police officer testified that Guerrero estimated the value of the stolen property at "around $3,000." The probation report records a similar value.

1255, 1263; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878–880; Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016), p. 42 at <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Oct. 4, 2016].)  If Pridemore files a petition or application under section 1170.18 in the trial court, the trial court will determine if he meets the statutory criteria for resentencing (*id*., subds. (b), (g)), including whether the property he received was worth less than $950.

### III.    DISPOSITION

The judgment is affirmed.

_____
Streeter, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.