Filed 5/19/15  P. v. Downey CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> ALAN DOWNEY, <br><br>     Defendant and Appellant. | B252105 <br><br> (Los Angeles County <br> Super. Ct. No. BA408020) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Modified and, as modified, affirmed with directions.

Mark S. Devore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Alan Downey appeals from the judgment entered following his convictions by jury on count 1 – second degree robbery, with firearm use, and committed while released on bail, count 2 – possession of a firearm by a felon, and count 3 – assault with a firearm, with firearm use, having suffered a prior felony conviction and a prior serious felony conviction. (Pen. Code, §§ 211, 12022.53, subd. (b), 12022.1, 29800, subd. (a)(1), 245, subd. (a)(2), 12022.5, 667, subds. (a)(1) & (d).) The court sentenced appellant to prison for 27 years. We modify the judgment and, as so modified, affirm it with directions.

### FACTUAL SUMMARY

1. *People's Evidence.*

Viewed in accordance with the usual rules on appeal (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence, the sufficiency of which is undisputed, established that on February 18, 2013, appellant quickly drove a car into a Home Depot parking lot on North Figueroa in Los Angeles. Appellant stopped near Michelle Orenday and her two children. Orenday was appellant's girlfriend. Appellant began arguing with Orenday. Appellant exited the car, eventually put Orenday in a chokehold, and tried to force her into the car. Luis Robles, a bystander, intervened. Appellant (a felon) retrieved a loaded gun from the car and later approached Robles. Robles tried calling 911 on his cell phone, but appellant, using the gun, robbed Robles of his cell phone.

Home Depot security guards (off-duty police officers) intervened. The guards pointed their guns at appellant and gave him commands, but he ignored the guards. Appellant walked to Robles and tossed the cell phone to him. Appellant, continuing to ignore the guards, walked to Orenday. Robles testified appellant "almost hugged her the same way that he was forcing her into the car." Appellant put the gun in Orenday's sweatshirt pocket. The guards took appellant into custody.

2

A Los Angeles police officer arrived, and Orenday told him that Orenday and appellant had argued, and appellant had put the gun in her pocket without her consent. Orenday also told the officer something to the effect Orenday was glad police were taking appellant to jail.

2. *Defense Evidence.*

In defense, Orenday, who had a relationship with appellant on February 18, 2013, and at time of trial, testified as follows. On February 18, 2013, Orenday was driving a car with a gun in the glove compartment. She picked up appellant, told him where the gun was, and the two argued about it. The two were eventually near Orenday's house. Orenday took the gun from the glove compartment, put the gun in her pocket, and began walking in the Home Depot parking lot.

Appellant drove near Orenday and the two argued. A person intervened but Orenday did not see appellant and the person arguing because she was not facing them. She did not hear what the two said. Two security guards or officers approached appellant, and appellant approached Orenday and hugged and kissed her.

One of the guards approached Orenday and said the guards had seen appellant put an object in Orenday's pocket and the guards knew what the object was. Orenday did not reply. The guard indicated he would take the object from Orenday's pocket and told her that he could arrest her and have her children taken from her. Orenday permitted the guard to take the gun from her pocket. Orenday, afraid the guards would take her to jail and take her children, falsely told the guards the gun belonged to appellant. However, appellant never had the gun that day.

## ISSUES

Appellant claims (1) the trial court erroneously denied his continuance motion and (2) his Penal Code section 12022.1 enhancement must be stayed.

3

*DISCUSSION*

1. *The Court Properly Denied Appellant's Continuance Motion.*

    a. *Pertinent Facts.*

On July 24, 2013, the jury convicted appellant as previously indicated and, on July 25, 2013, the jury found true the on-bail and prior conviction allegations. On the latter date, appellant asked the court to schedule the sentencing hearing for a date after mid-October, when his girlfriend was due to give birth to his baby. The court denied the request. Appellant then asked the court to schedule the sentencing hearing for September 20, 2013. The court indicated September 20, 2013 was too long a continuance, and the court scheduled the hearing for September 6, 2013.

On September 3, 2013, appellant filed a motion to dismiss, pursuant to Penal Code section 1385, appellant's strike (hereafter, *Romero*[1] motion). On September 6, 2013, appellant's counsel told the court that appellant had told appellant's counsel that morning that appellant's aunt recently had been diagnosed with tumors and appellant wanted to visit her before the court sentenced him. At appellant's request, the court scheduled the sentencing hearing for October 4, 2013, noting the court would be gone at least a month after that date.

At the October 4, 2013 sentencing hearing, appellant's counsel told the court the following. Attorney Ryan Wolf contacted appellant's counsel and indicated Wolf had "entered into some type of agreement to represent [appellant] for a motion for a new trial." The court asked where Wolf was. Appellant's counsel stated, "[w]e talked to the clerk," and appellant's counsel believed Wolf was in "L.A.X." and Wolf was requesting a continuance to a date convenient to the court.

The court stated the clerk had told the court that appellant was trying to retain Wolf but Wolf had not been retained. Appellant's counsel stated he understood "there had been some type of oral agreement." The court indicated the problem was the jury reached its verdicts on July 24, 2013, and suddenly on the day of sentencing appellant

---

[1]     (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

4

was trying to retain Wolf and wanted a continuance "so that [appellant] can work out some financial arrangements." The court indicated appellant had not shown due diligence. The prosecutor observed no Penal Code section 1050 continuance motion had been filed.

The court indicated that, many times in the past, the court had tried to accommodate this type of situation but all that would happen is the case would be continued to no avail. The court stated, "[t]he court is prepared on this motion [i.e., the *Romero* motion] and it will have to re-prepare it and so I'm going to deny the motion to continue." Appellant submitted on the *Romero* motion, and the court later denied it and sentenced him.

b. *Analysis.*

Appellant claims the trial court erroneously denied his continuance motion. He argues the trial court denied his constitutional rights by "refus[ing] to continue the combined sentencing/*Romero* motion hearing, or to at least try to contact [Wolf] . . . to make clear whether he was retained, and if so, how soon would he be available to appear, and whether he intended to make a motion for new trial." We reject the claim.

A trial court has broad discretion to grant or deny a continuance motion. (*People v. Frye* (1998) 18 Cal.4th 894, 1012-1013.) Appellant has the burden of demonstrating a denial was an abuse of discretion. (*People v. Beeler* (1995) 9 Cal.4th 953, 1003.) The jury reached its verdicts on July 24 and 25, 2013, and the court sentenced appellant on October 4, 2013. Appellant has failed to demonstrate that, during the interim, appellant ever suggested to the trial court that he wanted to retain counsel. Appellant has failed to demonstrate he made a good faith effort to retain counsel during that period. Appellant has made no showing he was financially unable to retain counsel earlier, but financially able on October 4, 2013.

Appellant does not dispute the validity of the trial court's denial of his July 25, 2013 motion to continue the sentencing hearing to a date after his child was born. Appellant wanted the hearing continued to a date after mid-October, a fact the trial court reasonably could have considered when deciding appellant's October 4, 2013

5

continuance motion and, in particular, whether that motion was for purposes of delay. The court accommodated appellant by granting his September 6, 2013 continuance motion.

Appellant's counsel's representations on October 4, 2013, concerning whether appellant had retained Wolf were vague, tentative, and/or speculative. Appellant's counsel represented Wolf had indicated that Wolf had entered into "some type of agreement" to represent appellant for a motion for a new trial. Appellant's counsel understood there had been "some type of oral agreement." Appellant's counsel never stated, or claimed Wolf had stated, that appellant, or anyone else, had retained Wolf to represent appellant. The record fails to demonstrate Wolf told the clerk that Wolf had been retained as appellant's counsel and wanted a continuance.

On the other hand, the court stated its clerk had said that appellant was trying to retain Wolf but Wolf had not been retained. The court commented appellant wanted to work out financial arrangements. Appellant did not dispute this, nor did appellant suggest the court should contact Wolf by phone or otherwise on that or any issue. The court's comment indicated Wolf had not been retained, and the comment highlighted the uncertainty he would ever be retained.

Appellant's counsel suggested Wolf "entered into some type of agreement to represent [appellant] for a motion for a new trial," but appellant does not demonstrate there were plausible grounds for such a motion (whether appellant's trial counsel or Wolf would have brought it), and appellant does not claim his trial counsel provided ineffective assistance by failing to file a motion for a new trial.

Appellant's counsel did not state Wolf had entered into some type of agreement to represent appellant in connection with a *Romero* motion or sentencing. Appellant has not demonstrated how Wolf's representation of appellant on these matters would have differed from appellant's trial counsel's representation. Appellant's *Romero* motion was in writing and, on October 4, 2013, appellant's counsel submitted the motion without argument, presumably believing the written motion sufficiently addressed the pertinent *Romero* issues.

6

Appellant does not claim his trial counsel was unprepared or otherwise unable to represent appellant adequately in connection with the *Romero* or sentencing issues, and appellant does not claim his trial counsel's representation of appellant on these matters amounted to ineffective assistance of counsel. The court, prepared on October 4, 2013, to hear the *Romero* motion, would have had to prepare again if the court had continued the sentencing hearing, and the court would have had to continue the hearing at least a month.

We conclude appellant has not met his burden of demonstrating the denial of his October 4, 2013 continuance motion was an abuse of discretion; instead, the denial was well within the court's discretion. (*Cf. People v. Jeffers* (1987) 188 Cal.App.3d 840, 850-851.) Moreover, "[a] reviewing court considers the circumstances of each case and the reasons presented for the request to determine whether a trial court's denial of a continuance was so arbitrary as to deny due process. [Citation.] Absent a showing of an abuse of discretion and prejudice, the trial court's denial does not warrant reversal." (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) No abuse of discretion occurred, and appellant has failed to demonstrate prejudice with respect to any issue concerning which Wolf might have been retained. The trial court's denial of appellant's October 4, 2013 continuance motion did not violate his right to due process or right to counsel.

2. *The Penal Code Section 12022.1 Enhancement Must Be Permanently Stayed.*

Prior to the present offense, appellant was released on bail in case No. BA394158. The third amended information in the present matter (case No. BA408020) alleged as to count 1 that when appellant committed the robbery on or about February 18, 2013, he was on bail or on his own recognizance in case No. BA394158 within the meaning of Penal Code section 12022.1. The jury in the present case found true the section 12022.1 enhancement allegation. On October 4, 2013, the trial court in the present matter (case No. BA408020) imposed a two-year prison term for the enhancement as part of appellant's sentence. On October 17, 2013, the court in case No. BA394158 granted the People's motion to dismiss, pursuant to Penal Code section 1385, the charges in that case.

7

Appellant claims the Penal Code section 12022.1 enhancement should have been stayed.  Respondent concedes the enhancement should be permanently stayed.  For the reasons discussed below, we agree with respondent and we will modify the judgment accordingly.

Under Penal Code section 12022.1, case No. BA394158 was the primary offense and the present matter (case No. BA408020) was the secondary offense.  (Pen. Code, § 12022, subd. (a)(1), (2).)  Section 12022.1, subdivision (d) provides, "Whenever there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense prior to the *conviction* of the primary offense, the imposition of the enhancement shall be *stayed* pending imposition of the sentence for the primary offense.  The stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment.  If the person is *acquitted* of the primary offense *the stay shall be permanent*."  (Italics added.)

Appellant was neither convicted, nor acquitted, of the primary offense; instead, the court in the case of the primary offense (case No. BA394158) granted the People's motion to dismiss, pursuant to Penal Code section 1385, the charges in that case.  However, respondent concedes a Penal Code section 12022.1 enhancement cannot be imposed in the present case absent a conviction for the primary offense, and respondent also concedes it follows the section 12022.1 enhancement in the present case should be permanently stayed.  We accept the concession.  (*Cf. In re Ramey* (1999) 70 Cal.App.4th 508, 512; see *In re Jovan B*. (1993) 6 Cal.4th 804, 814; *People v. McClanahan* (1992) 3 Cal.4th 860, 869.)  We will preserve the jury's true finding as to the enhancement allegation but we will permanently stay the enhancement.

*DISPOSITION*

The judgment is modified (1) by striking the two-year prison term previously imposed by the trial court in the present matter (case No. BA408020) pursuant to Penal Code section 12022.1 following the jury's true finding on the Penal Code section 12022.1 enhancement allegation, and (2) by permanently staying imposition of that enhancement. As so modified, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections and Rehabilitation an amended abstract of judgment reflecting the above modification.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

EDMON, P. J.

EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9