[No. B124958. Second Dist., Div. Six. Mar. 2, 1999.]

In re FREDERICK DANIEL RAMEY on Habeas Corpus.

## COUNSEL

Frederick Daniel Ramey, in pro. per., for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—Frederick Daniel Ramey, petitioner, seeks review of a two-year sentence enhancement that was imposed upon him for committing a felony while out on bail. We find that, in the absence of a felony conviction for the original crime, the sentence enhancement should have been permanently stayed. We shall grant a writ of habeas corpus.

### FACTS

Ramey was arrested in Colorado for robbery. He was released on bail, committed a robbery in San Luis Obispo County, and was again arrested. The superior court sentenced him to three years in prison for the latter robbery. Ramey admitted that, at the time of the second robbery, he was on felony bail from Colorado. The sentencing court imposed a consecutive two-year enhancement, pursuant to Penal Code[1] section 12022.1. The enhancement was ordered stayed pending Ramey's trial in Colorado. (§ 12022.1 subd. (d).)

Ramey was returned to Colorado to stand trial on the original robbery. He pled guilty to an amended charge, assault in the third degree, a misdemeanor.[2] Count 2 of the complaint was ordered dismissed. After he was sentenced and credited for time served, he was transported to California to serve the remainder of the San Luis Obispo sentence in state prison.

With the approach of Ramey's release in California, the prison authorities communicated with respondent, San Luis Obispo County Superior Court, reminding it that the stay should be vacated. On February 19, 1998, respondent court dissolved its stay of Ramey's two-year enhancement.

---

[1] All statutory references are to the Penal Code.

[2] Under Colorado law, "[a] person commits the crime of assault in the third degree if he knowingly or recklessly causes bodily injury to another person . . . . Assault in the third degree is a class 1 misdemeanor." (Colo. Rev. Stat. Ann. § 18-3-204 (West 1998).)

Ramey brought a habeas corpus petition. He noted that his Colorado conviction was for a misdemeanor and, under the plain statutory language of section 12022.1, would not support the "while on felony bail" enhancement. The petition was denied by respondent court. It found that Ramey had admitted the section 12022.1 charge and thereby waived his right to complain of that enhancement. Ramey sought habeas corpus relief from this court. We have granted an order to show cause.

*Procedural Bar*

■ Ramey admitted that he was on felony bail when his secondary offense was committed. The Attorney General, citing *People* v. *Saunders* (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093], reasons that Ramey is now precluded from collaterally attacking the enhancement.

The procedural bar in *Saunders* arose when the defendant failed to object to premature dismissal of the jury before it had determined the existence of bifurcated prior felonies. The Supreme Court ruled that this constituted a waiver of defendant's right to have the first jury adjudge the issue of the prior felonies. (*People* v. *Saunders, supra,* 5 Cal.4th 580, 591.)

The effort to employ the rationale of *Saunders* must fail. First, Ramey's admission of being on bail was not the equivalent of a guilty plea. Ramey merely stipulated to the evidentiary fact that he was on bail when he committed the second felony. (Cf. *People* v. *Adams* (1993) 6 Cal.4th 570, 582 [24 Cal.Rptr.2d 831, 862 P.2d 831] [defendant's stipulation that he was on bail was an ordinary stipulation].)

Nor did Ramey's admission constitute a waiver of the validity of the enhancement. It is elemental that a knowing and intelligent waiver of a right is entered into with awareness of its consequences. (*In re Moss* (1985) 175 Cal.App.3d 913, 926 [221 Cal.Rptr. 645].) Thus, for example, ". . . the general waiver of the right of appeal did not include error occurring after the waiver because it was not knowingly and intelligently made. Such a waiver of possible future error does not appear to be within defendant's contemplation and knowledge at the time the waiver was made. . . ." (*People* v. *Vargas* (1993) 13 Cal.App.4th 1653, 1662 [17 Cal.Rptr.2d 445]; see also *People* v. *Sexton* (1995) 33 Cal.App.4th 64 [39 Cal.Rptr.2d 242] [defendant did not waive the right to challenge an illegal order of restitution].) Here, Ramey was simply incapable of predicting a future event, i.e., his possible conviction of the primary offense. In short, he could not intelligently waive his right to object to the validity of the section 12022.1 enhancement.

*Availability of the Section 12022.1 Enhancement*

■ The statutory scheme employs special terminology: "Primary offense" means a felony offense for which the offender is on bail or released on his own recognizance. "Secondary offense" refers to the felony committed while the defendant is on bail for the primary offense. (§ 12022.1, subds. (a)(1), (2).) If the person *"is convicted of a felony for the primary offense . . .* and is convicted of a felony for the secondary offense," the sentence for the secondary offense is to run consecutive to the primary sentence. (§ 12022.1, subd. (e), italics added.)

The statute contemplates occasions where the defendant may be convicted of the secondary crime prior to trial on the primary offense. In such instances, "the imposition of the enhancement shall be stayed pending imposition of the sentence for the primary offense. . . ." (§ 12022.1, subd. (d).)

Our Supreme Court has unequivocally stated that a conviction for the criminal charge on the primary offense is an essential prerequisite to the imposition of the "on bail" enhancement. Under section 12022.1, the "requirement of 'conviction' for the earlier 'bailed' offense appears principally intended to establish with judicial certainty that the charges leading to release on bail or O.R. were valid. . . . In other words, the Legislature has declined to apply the bail/O.R. enhancement to an offense unless a court has also sustained the charge on which the offender was released when he committed it. . . ." (*In re Jovan B.* (1993) 6 Cal.4th 801, 814 [25 Cal.Rptr.2d 428, 863 P.2d 673].)

We conclude that the pronouncement of judgment on the misdemeanor count, and dismissal of all remaining counts, purged Ramey of any accusation that he had committed a felony in Colorado. The sole conviction suffered by Ramey in Colorado was for a misdemeanor. Like the Cheshire Cat, the felony count disappeared from sight, leaving nothing behind but a mischievous grin. There being no felony conviction, the stay of the enhancement should have become permanent.

*Ancillary Issues*

Ramey raises various arguments relating to ineffective assistance of counsel and denial of a right to hearing. Having found that the vacation of his suspended sentence was in error, we need not address those matters.

*Conclusion*

Let a writ of habeas corpus issue. Respondent court is ordered to vacate its order of February 19, 1998, and enter a new order permanently staying the imposition of sentence for the section 12022.1 enhancement. The order to show cause, having served its purpose, is discharged.

Gilbert, Acting P. J., and Yegan, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 16, 1999.