Filed 7/6/16  P. v. Hamilton CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064030 |
| v. | (Super.Ct.No. INF1301035) |
| ROBERT THOMAS HAMILTON III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed with directions.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Alastair J. Agcaoili and Christen E. Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Robert Thomas Hamilton III petitioned the superior court under Proposition 47, the Safe Neighborhoods and Schools Act, to reclassify and resentence as misdemeanors his felony convictions for second degree burglary and receiving stolen property. (Pen. Code, § 1170.18.) The trial court granted the petition with respect defendant's conviction for receiving stolen property. However, the court denied the petition with respect to defendant's second degree burglary conviction, concluding defendant's act of entering a Walmart with another person's identification and credit card did not constitute shoplifting as defined by Proposition 47. (Pen. Code, § 459.5)

On appeal, defendant contends his conviction for second degree burglary involved a larceny and, therefore, is eligible for reclassification and resentencing as shoplifting under Proposition 47. Defendant also argues that, if and when he is resentenced under Proposition 47, the trial court may not reimpose a sentence enhancement for committing his burglary while out on bail for another felony offense. We reverse the order and remand for the trial court to determine whether the value of the property acquired during the burglary did not exceed $950 and to determine whether defendant poses an unreasonable risk of danger to public safety. If the trial court resentences defendant under Proposition 47, it shall not reimpose the out-on-bail enhancement.

I.

PROCEDURAL BACKGROUND

By felony complaint, the People charged defendant with two counts of second degree burglary (Pen. Code, § 459, counts 1-2; all additional undesignated statutory references are to the Penal Code), one count of receiving stolen property (§ 496,

2

subd. (a), count 3), three misdemeanor counts of fraudulently using access card account information (§ 484g, subd. (a), counts 4, 5, 7), and one count of attempting to fraudulently use access card account information (§§ 664, 484g, subd. (a), count 6). The People also alleged defendant committed the crimes while on bail for another crime (§ 12022.1), that defendant suffered two prior convictions for serious or violent felony strikes (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)), and that defendant suffered six prison priors (§ 667.5, subd. (b)).

Pursuant to a negotiated plea agreement, defendant pleaded guilty to second degree burglary as alleged in count 1, receiving stolen property as alleged in count 3, and to misdemeanor fraudulent use of access card account information as alleged in counts 4 and 7. Defendant also admitted to being out on bail when he committed his crimes and admitted to suffering a strike prior. When pleading guilty to second degree burglary as alleged in count 1, defendant admitted he "willfully and unlawfully enter[ed] a . . . Walmart, with the intent to commit a theft or felony therein." The trial court sentenced defendant to one year four months for count 1; one year four months for count 3, to run consecutively with the sentence on count 1; 180 days in county jail each for counts 4 and 7, to run concurrently with the sentence on count 1; and two years for the out-on-bail enhancement to run consecutively with the sentence on count 1, for a total of four years eight months in state prison. The trial court dismissed the remaining counts and special allegations.

After the passage of Proposition 47, defendant petitioned the trial court to reclassify and resentence his convictions for second degree burglary and receiving stolen

3

property. Using the mandatory form created by the superior court, defendant alleged he "believ[ed] the value of the . . . property [did] not exceed $950." The People opposed the petition. According to the People, defendant was not entitled to resentencing on his burglary conviction on count 1 because he used a stolen credit card to make a purchase at a Walmart, and defendant was not entitled to resentencing on his conviction for receiving stolen property on count 3 because the credit limit on the stolen credit card was approximately $10,000. The court found defendant was not eligible for resentencing on his burglary conviction because he "entered Walmart and used another person's ID and credit card." However, the court found defendant was eligible for resentencing on his conviction for receiving stolen property and resentenced defendant to 364 days in county jail on count 3.

Defendant timely appealed.

## II.

## DISCUSSION

### A. *Standard of Review*

Whether Proposition 47 applies to defendant's conviction for second degree burglary based on false pretenses theft is a question of statutory interpretation we review de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) "When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language,

4

and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

B. *Proposition 47 Applies to the Offense of Second Degree Burglary Based on False Pretenses Theft When the Value of the Property so Acquired Is $950 or Less*

Defendant argues his second degree burglary conviction would have been misdemeanor shoplifting in violation of section 459.5 had Proposition 47 been in effect at the time of his offense and, therefore, he is entitled to resentencing under section 1170.18. According to defendant, his crime of producing another person's credit card with the intent to obtain products from a Walmart store qualifies as larceny within the meaning of section 459.5. The issue of whether theft by false pretenses satisfies an intent to commit larceny within the meaning of section 459.5 is currently pending before our Supreme Court. (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.) We conclude it does.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and

5

request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.) If a defendant qualifies for resentencing under Proposition 47, the trial court shall recall the felony sentence and resentence the defendant to a misdemeanor unless it determines, it its discretion, the defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); see *id.* subds. (b)(1)-(3) [listing factors to consider when determining dangerousness], (c) [defining "'unreasonable risk of danger to public safety'"].)

Among the crimes reduced to misdemeanors by Proposition 47 "are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Section 459.5, subdivision (a), provides: "*Notwithstanding Section 459*, shoplifting is defined as entering a commercial establishment *with intent to commit larceny* while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." (Italics added.) "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

The People do not dispute defendant's second degree burglary conviction involved him entering a commercial establishment during regular business hours. However, the People contend defendant's burglary conviction does not qualify as shoplifting under

6

section 459.5 because he did not commit the burglary with the intent to commit a larceny. We conclude otherwise.

In 1927, the formerly distinct crimes of larceny, embezzlement, and obtaining property by false pretenses were statutorily consolidated under the definition of "theft" found in section 484. (*People v. Avery* (2002) 27 Cal.4th 49, 53, fn. 4; *People v. Davis* (1998) 19 Cal.4th 301, 304.) "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, *by any false or fraudulent representation or pretense*, defraud any other person of money, labor or real or personal property . . . is guilty of theft." (§ 484, subd. (a), italics added.) At the same time the Legislature adopted the definition of theft in section 484, it adopted section 490a, which provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted thereof." Burglary is defined as entering a building or structure "with intent to commit grand or petit larceny or any felony." (§ 459.) "Thus, the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, *including 'petit' theft by false pretenses*." (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 31, italics added (*Nguyen*); accord, *People v. Parson* (2008) 44 Cal.4th 332, 354 ["An intent to commit theft by a false pretense or a false promise without the intent to perform will support a burglary conviction."].)

The record demonstrates defendant admitted he entered a Walmart store with a stolen credit card and used it to purchase goods. In other words, defendant admitted he committed theft by false pretenses when he fraudulently passed off another person's credit card as his own to obtain products or services. (E.g., *Perry v. Superior Court* (1962) 57 Cal.2d 276, 282-283 ["To support a conviction of theft for obtaining property by false pretenses, it must be shown: (1) that the defendant made a false pretense or representation, (2) that the representation was made with intent to defraud the owner of his property, and (3) that the owner was in fact defrauded in that he parted with his property in reliance upon the representation."].)

During oral argument before this court, the People argued the rule under section 490a, that "larceny" means "theft" (and, consequently, also means theft by false pretenses), only applies to statutes adopted by the Legislature. We find nothing in our case law to support the assertion that section 490a does not apply to statutes adopted by the voters. To the contrary, on its face, section 490a applies to "*any* law or statute of this state" (italics added), without limitation. Applying sections 484, subdivision (a), and 490a, we must conclude defendant harbored the intent to commit a larceny. Because defendant entered a Walmart with the intent to commit a larceny, his crime satisfied the intent for shoplifting under section 459.5 and, assuming the value of the property involved did not exceed $950, he is entitled to reclassification and resentencing under section 1170.18.

The People counter that defendant's offense of theft by false pretenses does not constitute "larceny" as that term was defined at common law and, therefore, is not

8

governed by section 459.5. For this proposition, the People cited *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*). We conclude *Williams* does not control this appeal.

In *Williams*, *supra*, 57 Cal.4th 776, the defendant used payment cards re-encoded with another person's credit card information to buy Walmart gift cards, then used force against a security guard who tried to detain him. (*Id*. at p. 780.) Among other things, a jury convicted Williams of four counts of second degree robbery in violation of section 211. (*Williams*, at p. 780.) Williams argued his robbery convictions could not stand because his theft by false pretenses did not satisfy the element of a "felonious taking." The Supreme Court agreed. The court concluded the element of a "felonious taking" for robbery (§ 211) found its roots in the common law crime of larceny (*Williams*, at pp. 781-784), and that by using the phrase "felonious taking" in the robbery statute "the California Legislature in all likelihood intended to attach to the statutory phrase the same meaning the phrase had under the common law. [Citation.]" (*Williams*, at p. 786.) Under the common law, "larceny requires a 'trespassory taking,' which is a taking without the property owner's consent. [Citation.] . . . By contrast, theft by false pretenses involves the *consensual* transfer of possession as well as *title* of property; therefore, it cannot be committed by trespass." (*Id*. at p. 788.) Because Walmart consented to the sale of the gift cards, albeit under false pretenses, the court held "defendant did not commit a *trespassory* (nonconsensual) taking, and hence did not commit robbery." (*Ibid*.) Therefore, the court reversed the robbery convictions. (*Id*. at p. 790.)

The *Williams* court had to look to the common law to find the meaning of the undefined phrase "felonious taking" in the robbery statute (§ 211), and in doing so the court relied on the *common law* definition of larceny to conclude a person who commits theft by false pretenses has not committed a robbery. The common law definition of larceny is simply inapplicable here. Unlike in the context of *robbery*, the Legislature adopted express statutory definitions that apply to burglary and related theft crimes, including the new crime of shoplifting: "theft" includes obtaining property by false pretenses, and the terms "theft" and "larceny" are synonymous. (§§ 484, subd. (a), 490a; see *Nguyen*, *supra*, 40 Cal.App.4th at p. 31.)

The People also argue Penal Code section 459.5 is limited to the commonplace definition of shoplifting, i.e., theft of displayed merchandise from a store during business hours, and defendant's offense of theft by false pretenses does not fall within that meaning. We are not convinced the voters intended to limit Penal Code section 459.5 to the commonplace definition of shoplifting. The legislative analysist's analysis of Proposition 47 and the arguments in favor of and against Proposition 47 contain nothing to support the People's assertion. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) pp. 35-39, at <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of July 5, 2016].) More importantly, by defining the new statutory crime of shoplifting to consist of "entering a commercial establishment *with intent to commit larceny*" (Pen. Code, § 459.5, subd. (a), italics added), we must assume the voters were aware of Penal Code section 490a and, therefore, intended the term "larceny" to incorporate all forms of theft and not merely those commonly associated with shoplifting. (See *In re Derrick B.* (2006) 39

10

Cal.4th 535, 540 [assuming voters were aware of Welf. & Inst. Code, § 203 and its judicial construction when they adopted Pen. Code, § 190.3].)

Because the trial court denied defendant's petition with respect to count 1 based solely on its conclusion that defendant's burglary does not constitute shoplifting under section 459.5, we must reverse the order.

The trial court made no findings with respect to the value of the property acquired during the burglary. Defendant alleged the value at issue was $950 or less, but there was no hearing and no evidence introduced by either side on the question of value. Moreover, the People's opposition did not argue defendant was ineligible for resentencing on count 1 based on the value of the property acquired. On remand, unless the People concede the value of the property does not exceed $950, the trial court shall conduct a new hearing to determine whether the value of the property acquired was, in fact, $950 or less. Defendant shall bear the burden of proving the value. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 878-880; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.) In addition, on remand, the trial court may, in its discretion, determine whether defendant should not be resentenced because he poses an unreasonable risk of danger to public safety. (§ 1170.18, subds. (b), (c).)

C.     *If the Trial Court Resentences Defendant's Burglary Conviction Under Proposition 47, It Shall not Reimpose an Out-on-Bail Enhancement*

Defendant also contends the trial court may not reimpose the out-on-bail enhancement if it resentences him on count 1 because "there will no longer be any

11

'secondary' felony offense as required under section 12022.1, subdivision (b)." The California Supreme Court granted review in *People v. Buycks* (2015) 241 Cal.App.4th 519 (review granted Jan. 20, 2016, S231765) to decide whether a defendant is "eligible for resentencing on the penalty enhancement for committing a new felony while released on bail on a [primary felony] offense, even though the superior court had reclassified the conviction for the [primary felony] offense as a misdemeanor under the provisions of Proposition 47." (*People v. Buycks* (2016) 364 P.3d 175.) We agree with defendant.

Pursuant to defendant's plea agreement, defendant admitted he was on bail for a felony offense when he committed the burglary alleged in count 1, and the trial court sentenced defendant to a two-year enhancement pursuant to section 12022.1. "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." (§ 12022.1, subd. (b).) "'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked." (§ 12022.1, subd. (a)(1).) "'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense." (§ 12022.1, subd. (a)(2).)

An out-on-bail enhancement may only be imposed when a defendant is convicted of *both* the primary and secondary felony offenses. (*People v. Walker* (2002) 29 Cal.4th

577, 586 (*Walker*).) For instance, if the trial court imposes an out-on-bail enhancement on a conviction for the secondary offense, but the defendant is subsequently acquitted of the primary offense, the enhancement is permanently stayed. (§ 12022.1, subd. (d).) Likewise, if a conviction on the primary felony conviction is reversed on appeal, the enhancement on the secondary felony offense is suspended and may only be reimposed if the People elect to retry the primary felony offense and obtain a new conviction. (§ 12022.1, subd. (g).) Finally, as pertinent here, both the primary and secondary convictions must be for *felonies* because section 12022.1 does not apply to *misdemeanor* convictions. (§ 12022.1, subds. (a), (b); *In re Ramey* (1999) 70 Cal.App.4th 508, 512 [concluding trial court erred by imposing out-on-bail enhancement under § 12022.1 when primary offense was an out-of-state misdemeanor conviction]; *People v. Cole* (1994) 23 Cal.App.4th 1672, 1677-1679 [directing trial court to strike § 12022.1 enhancement where record did not establish primary offense was a felony and not a misdemeanor]; see *In re Rottannak K.* (1995) 37 Cal.App.4th 260, 281 [noting § 12022.1 does not apply to infractions or misdemeanors].)

If on remand the trial court determines the value of the property acquired during defendant's burglary did not exceed $950 and that defendant does not pose an unreasonable risk of danger to public safety, it shall recall the felony sentence on count 1 and resentence defendant to a misdemeanor under section 459.5. (§ 1170.18, subd. (b).) "Any felony conviction that is recalled and resentenced under subdivision (b) . . . *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or

prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k), italics added.)

Section 1170.18, subdivision (k), contains identical language to section 17. When a trial court exercises its discretion to declare a felony wobbler to be a misdemeanor, the offense "is a misdemeanor for all purposes . . . ." (§ 17, subd. (b)(3); hereafter § 17(b)(3).) In *People v. Park* (2013) 56 Cal.4th 782 (*Park*), the defendant pleaded guilty to assault with a deadly weapon (§ 245, subd. (a)(1)), and the trial court suspended the sentence and placed the defendant on probation. (*Park*, at p. 787.) After the defendant successfully completed his probation, the trial court declared the offense to be a misdemeanor under section 17(b)(3) and later dismissed the charge pursuant to section 1203.4, subdivision (a)(1). (*Park*, at p. 787.) The defendant was subsequently convicted of attempted voluntary manslaughter (§§ 664, 192, subd. (a)) and, inter alia, admitted to suffering a prior serious felony conviction within the meaning of section 667, subdivision (a), to wit, the prior conviction for assault with a deadly weapon. (*Park*, at p. 788.) Although the defendant informed the trial court the strike prior had been declared a misdemeanor pursuant to section 17(b)(3), the trial court imposed a five-year sentence enhancement under section 667, subdivision (b). (*Park*, at p. 788.)

The California Supreme Court noted "reviewing courts have long recognized that reduction of a wobbler to a misdemeanor under what is now section 17[, subdivision] (b) generally precludes its use as a prior felony conviction in a subsequent prosecution." (*Park*, *supra*, 56 Cal.4th at p. 794.) "[O]ne of the 'chief' reasons for reducing a wobbler to a misdemeanor 'is that under such circumstances the offense is not considered to be

14

serious enough to entitle the court to resort to it as a prior conviction of a felony for the purpose of increasing the penalty for a subsequent crime.'" (*Ibid*., quoting *In re Rogers* (1937) 20 Cal.App.2d 397, 400-401.)  However, the court also noted that "the Legislature sometimes has explicitly made clear its intent to treat a wobbler as a felony for specified purposes notwithstanding a court's exercise of discretion to reduce the offense to a misdemeanor." (*Park*, at p. 794.)  Based on its review of the extant case law, the court "discern[ed] a long-held, uniform understanding that when a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." (*Id*. at p. 795.)  Because the court found nothing in the language or history of section 667, subdivision (a), to indicate an intent to depart from the general rule under section 17(b)(3), the court ruled "that when a wobbler has been reduced to a misdemeanor the prior conviction does not constitute a prior felony conviction within the meaning of section 667[, subdivision] (a)." (*Park*, at p. 799.)

"'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' [Citation.]" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100; *People v. Medina* (1995) 39 Cal.App.4th 643, 650.)  Applying the reasoning from *Park*, we conclude the voters who adopted Proposition 47 intended that a reclassified felony offense is a misdemeanor for all purposes except for the express firearm exceptions found in section 1170.18, subdivision (k), or when the Legislature expressly provided that a

15

felony wobbler conviction is treated as a felony notwithstanding its reduction to a misdemeanor. (*Park*, *supra*, 56 Cal.4th at p. 795.) And we find nothing in the language or purposes of section 12022.1 to indicate an intent on the part of the Legislature to override the general rule that a felony wobbler declared to be a misdemeanor is a misdemeanor for all purposes. "'[T]he purpose and intent behind a section 12022.1 enhancement, generally speaking, is . . . to penalize *recidivist* conduct with increased punishment.' [Citation.] The more specific purpose of the on-bail enhancement is to 'discourage a certain type of recidivist behavior,' by deterring 'the commission of *new felonies* by persons released from custody on an earlier felony.' [Citations.]" (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 687, second italics added.) If the primary or secondary felony offense is declared to be a misdemeanor, reimposing the enhancement will not advance the purpose of discouraging that specific type of recidivism.

As noted, *ante*, the out-on-bail enhancement under section 12022.1, subdivision (b), may only be imposed when the defendant is convicted of both a primary felony offense and a secondary felony offense. (*Walker*, *supra*, 29 Cal.4th at p. 586.) When a trial court reclassifies a felony wobbler as a misdemeanor under section 1170.18, subdivision (b), it is a misdemeanor for all purposes (§ 1170.18, subd. (k)), and the necessary factual predicate for imposing the out-on-bail enhancement simply disappears. (See *In re Ramey*, *supra*, 70 Cal.App.4th at p. 512 ["Like the Cheshire Cat, the felony count disappeared from sight, leaving nothing behind but a mischievous grin. There being no felony conviction, the stay of the enhancement should have become permanent."].)

16

Our conclusion is also consistent with the purposes of Proposition 47. As two respected commentators have stated, resentencing under section 1170.18 requires a trial court to consider a defendant's entire sentence anew. "Because the Proposition 47 count is part of a multiple-count sentencing scheme, changing the sentence of one count fairly puts into play the sentence imposed on non-Proposition 47 counts, at least to the extent necessary to preserve the original concurrent/consecutive sentencing structure. *The purpose of section 1170.18 is to take the defendant back to the time of the original sentence and resentence him with the Proposition 47 count now a misdemeanor*." (Couzens & Bigelow, Proposition 47: "The Safe Streets and Schools Act" (Feb. 2016) p. 62, italics added, at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of July 5, 2016].) At the time of resentencing, a defendant whose secondary felony offense is reclassified as a misdemeanor under Proposition 47 will no longer have been convicted of both a primary and secondary felony offense, so the trial court should sentence the defendant accordingly.

In sum, if the trial court reclassifies defendant's burglary conviction as misdemeanor shoplifting and resentences him under section 1170.18, defendant's felony conviction will be a misdemeanor for all purposes and the trial court cannot reimpose the out-on-bail enhancement.

III.

DISPOSITION

The order denying defendant's petition for resentencing is reversed.  On remand, the trial court shall conduct a hearing to determine whether the value of the property acquired during the burglary alleged in count 1 exceeded $950, and whether defendant poses an unreasonable risk of danger to public safety.  If the trial court determines defendant is eligible for resentencing on count 1 under Proposition 47, it shall not reimpose the out-on-bail enhancement.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
J.

We concur:


RAMIREZ
P. J.


CODRINGTON
J.