Filed 10/4/16  P. v. Moses CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>CHARLES EDWARD MOSES, JR.,<br><br>  Defendant and Respondent. | D068851<br><br><br><br>(Super. Ct. Nos. SCS233120;<br> SCD224693) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Bonnie M. Dumanis, District Attorney, James E. Atkins and Jennifer R. Kaplan, Deputies District Attorney, for Plaintiff and Appellant.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Respondent.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act), which went into effect the next day.  The Act downgrades several felonies and wobblers to misdemeanors and permits persons convicted of those felonies and wobblers to have them redesignated as misdemeanors.

(Pen. Code,[1] § 1170.18.)  As relevant here, section 12022.1, subdivision (b), requires a court to increase any sentence of imprisonment for a felony by two years if the defendant committed that felony (secondary offense) while he or she was released from custody on a primary offense (a felony).  In this case, we must address the interaction of these two provisions:  When a defendant's sentence for the secondary offense is enhanced under section 12022.1, subdivision (b) based on the primary offense, and when the defendant later has the primary offense redesignated as a misdemeanor under Proposition 47, does that redesignation eliminate the section 12022.1, subdivision (b) enhancement?  Based on our interpretation of section 12022.1, we conclude that it does, and accordingly affirm the trial court's order staying the two-year enhancement Charles Edward Moses, Jr. received under section 12022.1, subdivision (b).

FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2009, Moses stole a $499.06 tool kit and a $14 combination tool from Home Depot.  On October 15, 2009, he was arraigned on a felony complaint charging one count of grand theft (§487, subd. (a)) and alleging five prison priors (§§ 667.5, subd. (b), 668) and a strike prior (§§ 667, subds. (b)-(i), 668, 1170.12).  This case was numbered SCS233120.

On October 28, 2009, Moses pled guilty to count 1 (§487, subd. (a)) and admitted a strike prior.  The superior court set sentencing for December 9, 2009.  Prior to sentencing, Moses was released from custody on bond.  The court sentenced Moses to

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

prison for 32 months, but he was allowed to remain at liberty on bond until the execution of custody on January 14, 2010.

While awaiting the execution of custody for grand theft, Moses beat his wife. He was subsequently arraigned after being charged with one count of corporal injury to a cohabitant (§ 273.5, subd. (a)) with an allegation of personal infliction of great bodily injury (§ 12022.7, subd. (e)). It was further alleged that the felony offense was committed while Moses was out on bail pending execution of custody on the grand theft (primary offense) under section 12022.1, subdivision (b). The complaint also alleged five prison priors (§§ 667.5, subd. (b), 668), a serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and a strike prior (§§ 667, subds. (b)-(i), 668, 1170.12). The court vacated the execution of custody for the primary offense, trailing it behind Moses's offense of corporal injury, which became the secondary offense under section 12022.1. The case involving the corporal injury offense was numbered SCD224693.

After a bench trial on March 4, 2010 for case number SCD224693, the superior court found Moses guilty of count 1 (corporal injury) and found true the great bodily injury and out-on-bail allegations under section 12022.7, subdivision (e) and 12022.1, subdivision (b) respectively. Moses admitted as true all the prior convictions as alleged.

For case number SCD224693, the court sentenced Moses to prison for 18 years, two years of which were based on the on-bail enhancement under section 12022.1, subdivision (b). The superior court also imposed a concurrent sentence of 32 months in case number SCS233120.

3

On April 3, 2015, after the passage of Proposition 47, Moses petitioned to have his felony grand theft conviction designated as a misdemeanor under section 1170.18. The People did not contest the designation. On April 3, 2015, the superior court granted Moses's petition and designated the grand theft conviction as a misdemeanor.

On June 22, 2015, Moses filed a motion to dismiss or stay the on-bail enhancement in SCD224693, arguing the "recent designation of his primary felony conviction to a misdemeanor for all purposes require[d] dismissal of his . . . section 12022.1[, subdivision] (b) conviction." The People opposed the motion.

After considering the papers and hearing oral argument, the superior court granted Moses's motion, permanently stayed the two-year on-bail enhancement, and reduced Moses's sentence in SCD224693 to 16 years. In doing so, the court observed:

> "I think, however, in attempting to harmonize the intent of
> Proposition 47 and, probably more importantly to me, the clear
> intent of the framers of Penal Code Section 12022.1[, subdivision]
> (b), that when either one of the legs of the two felony requirements
> for imposition of the enhancement fails, the enhancement should
> fail. Which I think the remedy, consistent with the statutory
> framework announced in 12022.1[, subdivision] (b), would be to
> order the two-year enhancement stayed[.]"

The People timely appealed.

## DISCUSSION

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added chapter 33 to the Government

4

Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).)

"Proposition 47 also created a new resentencing provision—section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition to recall that sentence and request resentencing.  (§ 1170.18, subd. (a).)  A person who satisfies the statutory criteria shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (*Id*., subd. (b).)" (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109.)

Proposition 47 additionally applies to a person who has already served a felony sentence for an offense that is now a misdemeanor.  In that instance, the person may file an application with the trial court that entered judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.  (§ 1170.18, subd. (g).)

Here, the parties agree that the trial court properly designated Moses's conviction for grand theft as a misdemeanor in case number SCS233120.  The disagreement begins regarding the impact of that designation.  The People assert the application of section 1170.18 is prospective only, and thus, cannot be used retroactively.  Section 1170.18, subdivision (k) sets forth, in pertinent part, "Any felony conviction that is . . . designated

5

as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm . . . ."  The People emphasize that courts interpreting section 1170.18, subdivision (k) have likened it to section 17, subdivision (b) holding that phrase "misdemeanor for all purposes" is prospective only, not retroactive. (See *Rivera, supra,* 233 Cal.App.4th at p. 1100.)  We are aware that several Courts of Appeal have used that interpretation to conclude that Proposition 47 does not apply retroactively to eliminate a prison prior enhancement under section 667.5, subdivision (b) when the underlying felony is redesignated a misdemeanor under Proposition 47. However, despite an apparent consensus by the Courts of Appeal, that issue remains unresolved as it is currently pending before our high court.[2]  And while we await the Supreme Court's guidance on that issue, we need not add another voice to the fray.

Here, we do not deem the critical issue before us to be the retroactivity of Proposition 47.  Indeed, it is not necessary that we interpret the phrase "misdemeanor for all purposes" in section 1170.18, subdivision (k) to answer the question presented here. Put differently, the critical inquiry is not whether Proposition 47 applies retroactively, but whether an on-bail enhancement may remain when the primary felony is subsequently

---

[2]     The issue is pending before our Supreme Court, which granted review in the lead case of *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted March 30, 2016, S232900, and that a "grant and hold order" pending resolution of *Valenzuela* has been issued in *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted April 27. 2016, S233011; *People v. Ruff* (2016) 244 Cal.App.4th 935, review granted May 11, 2016, S233201; *People v. Williams* (2016) 245 Cal.App.4th 458, review granted May 11, 2016, S233539.  Additionally, on May 25, 2016, review was granted regarding the same issue in *People v. Louder* (S233865), an unpublished case.

reduced to a misdemeanor. To answer this question, we turn our attention to section 12022.1.

Our role in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94.) " ' " 'Penal Code sections must generally be construed " 'according to the fair import of their terms, with a view to effect its objects and to promote justice.' " [Citations.] [¶] 'Consistent with that general principle, appellate courts first examine the language of the code section to determine whether the words used unequivocally express the Legislature's intent. If no ambiguity, uncertainty, or doubt about the meaning of the statute appear, the provision is to be applied according to its terms without further judicial construction. [Citations.] [¶] When the language of the section is on its face ambiguous or leaves doubt, . . . the court must resort to extrinsic aids to ascertain that purpose behind the statute and give the provision a judicially created meaning commensurate with the purpose.' " ' " (*People v. Franz* (2001) 88 Cal.App.4th 1426, 1440; see *People v. Avila* (2000) 80 Cal.App.4th 791, 796.) Finally, when a statute defining a crime or punishment is susceptible to two reasonable interpretations, we will "ordinarily adopt that interpretation more favorable to the defendant." (*People v. Avery* (2002) 27 Cal.4th 49, 57.) However, "although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (*Id.* at p. 58.)

"Although section 12022.1 is not ambiguous on its face, the statute in rather general language prescribes a mandatory two-year enhancement where the defendant

commits a second offense while 'released from custody on a primary offense.' (§ 12022.1, subd. (b).)" (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 686.) The statute defines "primary offense" to mean "a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final . . . or for which release on bail or his or her own recognizance has been revoked." (§ 12022.1, subd. (a)(1).) Section 12022.1, subdivision (a)(2), defines "secondary offense" as "a felony offense alleged to have been committed while the person is released from custody for a primary offense." Thus, "section 12022.1 permits the imposition of an additional two-year term (enhancement) to be served consecutively to the term being imposed for a criminal offense (secondary offense), . . . if the defendant committed the secondary offense while on bail or own recognizance release pending trial or appeal on another charge (primary offense)." (*People v. Adams* (1993) 6 Cal.4th 570, 572, fns. omitted.)

Section 12022.1 does not make the defendant's conviction of the primary offense an element of the enhancement for the purpose of proving the enhancement. Instead, the statute only requires proof of conviction of the primary offense before the enhancement can be imposed. (*People v. Walker* (2002) 29 Cal.4th 577, 586; see § 12022.1, subds. (b), (c), (d).) Because the Legislature considered the possibility that the secondary offense could be tried prior to the primary offense, it logically follows that the jury would not be required to find that the defendant was convicted of the primary offense as an element of a section 12022.1 enhancement. "At the trial of a section 12022.1 enhancement, the jury only determines whether the enhancement is proven. The court determines later, at the

8

time of sentencing, whether the enhancement can be imposed." (*People v. Smith* (2006) 142 Cal.App.4th 923, 935.)

The Legislature also saw fit to address the possibility that a conviction for a primary offense could be reversed. To this end, subdivision (g) of section 12022.1 provides in part: "If the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed."

In summary, the on-bail enhancement found in section 12022.1 is available only where a defendant commits a secondary offense while released from custody on a primary offense. (§ 12022.1, subd. (b).) Further, the statute addresses the timing of a defendant's conviction for the primary offense. Even if the defendant has not been tried on and convicted of the primary offense, the prosecutor is to plead in the indictment or information facts to support the on-bail enhancement. (§ 12022.1, subd. (c).) If the secondary offense is tried and a conviction of the defendant obtained prior to a trial or sentencing on the primary offense, the court stays the on-bail enhancement until sentencing on the primary offense. However, if the defendant is acquitted of the primary offense, the court shall permanently stay the on-bail enhancement. (§ 12022.1, subd. (d).) If a conviction of the primary offense is reversed on appeal, the court must suspend the on-bail enhancement pending retrial of the primary offense. If a subsequent conviction is obtained, the court shall reimpose the enhancement. (§ 12022.1, subd. (g).) In drafting section 12022.1, it is clear the Legislature intended the statute to be applied

fluidly where the court could impose, stay, suspend, and reimpose the enhancement depending on the status of the primary offense.

The People emphasize that none of the subdivisions of section 12022.1 apply to Moses here. As such, they assert that section 12022.1 does not support Moses's position. We agree that the Legislature did not contemplate and section 12022.1 does not address the situation presented here, where the electorate approved the wholesale reduction of a certain class of felony offenses, one of which is Moses's primary offense for purposes of his on-bail enhancement. Yet, we cannot ignore the clear intent of section 12022.1, which requires the existence of a primary offense that is a felony. Indeed, that is the foundation on which the on-bail enhancement is based. And, in regard to Moses, that foundation no longer exists. This fact, in the context of the statutory language and legislative intent that the trial court lithely apply section 12022.1 depending upon the status of the primary felony, leads us to conclude that the trial court did not error in staying Moses's two-year enhancement under section 12022.1.

Nevertheless, the People contend that staying Moses's on-bail enhancement undermines the purpose of section 12022.1, which is to penalize recidivist conduct. We agree that "the purpose and intent behind a section 12022.1 enhancement, generally speaking, is . . . to penalize recidivist conduct with increased punishment." (*People v. McClanahan* (1992) 3 Cal.4th 860, 868 (*McClanahan*); italics omitted.) Moreover, the more specific purpose of the on-bail enhancement is to "discourage a certain type of recidivist behavior," by deterring "the commission of new felonies by persons released from custody on an earlier felony." (*People v. Watkins* (1992) 2 Cal.App.4th 589, 593.)

10

Yet, it is clear that a section 12022.1, subdivision (b) on-bail enhancement can be imposed only if the defendant is convicted of both the primary and secondary offenses. (§ 12022.1, subd. (d); *McClanahan, supra,* at p. 869; *In re Jovan B.* (1993) 6 Cal.4th 801, 814.) Therefore, "a conviction for the criminal charge on the primary offense is an essential prerequisite to the imposition of the [section 12022.1] 'on bail' enhancement." (*In re Ramey* (1999) 70 Cal.App.4th 508, 512.)

Here, it is undisputed that Moses no longer has a conviction for a qualifying primary offense. Thus, he is no longer the type of felony recidivist at whom the statute is aimed. Accordingly, we do not agree with the People that a stay of Moses's on-bail enhancement undermines the statute's purpose. Put differently, section 12022.1 is not aimed at a defendant like Moses.

The People additionally contend that if we affirm the trial court's order to stay Moses's on-bail enhancement, we countenance an absurd result not intended by voters. They caution us that affirming the trial court's order could impact "limitless" "ancillary, unenumerated offenses." We do not foresee such a parade of horribles based on our opinion here. We are aware that several cases involving Proposition 47 are currently pending in front of our Supreme Court, and we look forward to our high court resolving those pending issues.[3] In the meantime, here, we avoid any broad pronouncements about

---

[3]     For example, the California Supreme Court, on its own motion, granted review in *People v. Buycks* (2015) 241 Cal.App.4th 519, review granted January 16, 2016, S231765. The court defined the issue in that case as follows: "Was defendant eligible for resentencing on the penalty enhancement for committing a new felony while released on bail on a drug offense even though the superior court had reclassified the conviction for the drug offense as a misdemeanor under the provisions of Proposition 47?"

11

Proposition 47 or its impact. Moreover, we are not concerned that this case will be used as a sword to strike at "ancillary" or "unenumerated offenses" not covered by Proposition 47. To the contrary, this case concerns an undisputed proper use of Proposition 47 to designate an offense a misdemeanor that is clearly enumerated in the Act. Then, we interpret section 12022.1 to analyze if the enhancement can remain if the primary offense no longer exists. We conclude the enhancement is unauthorized in part based on clear precedent that holds the on-bail enhancement may only be imposed if "the defendant is ultimately convicted of the 'primary' and 'secondary' offenses." (*McClanahan*, *supra*, 3 Cal.4th at p. 869.) Here, it is undisputed that the ultimate result regarding Moses's primary offense is that it is a misdemeanor. Because the primary offense is not a felony, section 12022.1 cannot apply. (See *McClanahan*, *supra*, at p. 869; *In re Ramey*, *supra*, 70 Cal.App.4th at p. 512.)

Finally, we are not persuaded by the People's contention that the trial court lacked statutory authority to resentence Moses. Again, the People base their argument on Proposition 47, arguing that it cannot be used to resentence a defendant on ancillary or unenumerated offenses. Like we discuss above, we find the trial court properly resentenced Moses because the on-bail enhancement under section 12022.1 no longer

---

Although we anticipate that our high court's resolution of *Buycks* will impact the instant case, we observe some slight procedural differences between the two cases. In *Buycks*, the Court of Appeal struck an on-bail enhancement after the primary offense and one of the secondary offenses were reduced to misdemeanors under Proposition 47. The appellate court noted that the trial court was sentencing the defendant anew, and thus, the trial court should not have imposed the enhancement because the primary offense was no longer a felony. Here, Moses moved to redesignate only his primary offense to a misdemeanor under Proposition 47. Two months later, Moses moved to have the court stay his on-bail enhancement pertaining to his secondary offense.

12

applied to Moses. An unauthorized sentence may be corrected at any time. (See *People v. Scott* (1994) 9 Cal.4th 331, 354-355; *People v. Crooks* (1997) 55 Cal.App.4th 797, 811.) Without a conviction of a felony to constitute the primary offense under section 12022.1, the trial court had the authority to correct Moses's unauthorized sentence, which included an improper two-year enhancement. The trial court did not err.[4]

## DISPOSITION

The order is affirmed.

_____
HUFFMAN, J.

WE CONCUR:


_____
BENKE, Acting P. J.


_____
HALLER, J.

_____

[4] In a footnote in their opening brief, the People point out that Moses's original sentence was illegal under section 12022.1, subdivision (e) because his sentence for the secondary offense should have been ordered to run consecutively to the sentence on the primary offense not concurrently as ordered by the trial court. The People are correct. (§ 12022.1, subd. (e).) However, because we determine that section 12022.1 does not apply to Moses, the People's contention is moot. Further, even if we were to remand this matter back for the trial court to resentence Moses to consider the People's position, in doing so, the trial court would be required to sentence Moses anew and would need to consider that the primary offense is no longer a felony, and therefore, the on-bail enhancement would not apply. In other words, the result would be the same whether we affirm the trial court's order or remand back to the trial court for resentencing consistent with this opinion.

13